UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JEAN BAPTISTE LOUIS,

        Plaintiff,

v.

**JURY TRIAL DEMANDED**

CHEZ PORKY'S RESTAURANTS, INC.,
a Florida for-profit corporation, ROBERT
BERNSTEIN, JOSH BERNSTEIN, SCOTT
CHAIT, THOMAS DOUGLAS, and DAREK
DZIAMALEK,

        Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, JEAN BAPTISTE LOUIS, ("BAPTISTE"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, CHEZ PORKY'S RESTAURANTS, INC., a Florida for-profit corporation, (hereinafter "CHEZ PORKY"), ROBERT BERNSTEIN, (hereinafter "R. BERNSTEIN"). JOSH BERNSTEIN, (hereinafter "J. BERNSTEIN"), SCOTT CHAIT, hereinafter ("CHAIT"), THOMAS DOUGLAS, (hereinafter "DOUGLAS"), and DAREK DZIAMALEK, (hereinafter "DZIAMALEK"), and states as follows:

**INTRODUCTION**

1.    This is an action to recover unpaid wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA.

# JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, CHEZ PORKY was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants' business consists of a restaurant which serves food and beverages. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, that were used commercially in Defendants' business, and moved in interstate commerce

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

# VENUE

7. The venue of this Court over this controversy is based upon the following:

  a.   The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

and,

    b.    Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, BAPTISTE, was and continues to be a resident of Pompano Beach, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, CHEZ PORKY, was conducting business in Pompano Beach, Broward County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants, CHEZ PORKY, R. BERNSTEIN, J. BERNSTEIN, CHAIT, DOUGLAS and DZIAMALEK were the employers of Plaintiff, BAPTISTE.

11. At all times material hereto, Defendants, CHEZ PORKY, R. BERNSTEIN, J. BERNSTEIN, CHAIT, DOUGLAS and DZIAMALEK, were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants, CHEZ PORKY, R. BERNSTEIN, J. BERNSTEIN, CHAIT, DOUGLAS and DZIAMALEK knowingly and willfully failed to pay Plaintiff, BAPTISTE his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, CHEZ PORKY was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, BAPTISTE, was directly essential to the business performed by Defendants.

16. Plaintiff, BAPTISTE, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

17. In or about 1988, Plaintiff was hired by the Defendants as a cook at the Defendants' restaurant. His employment terminated on February 22, 2017.

18. Plaintiff, BAPTISTE was paid an hourly rate of $12.50 per hour

19. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

20. Defendants, R. BERNSTEIN, J. BERNSTEIN, CHAIT, DOUGLAS and DZIAMALEK were supervisors and/or owner/managers who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

21. Defendants, R. BERNSTEIN, J. BERNSTEIN, CHAIT, DOUGLAS and DZIAMALEK were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, BAPTISTE.

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

# STATEMENT OF CLAIM:

## COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, BAPTISTE, repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, BAPTISTE's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, BAPTISTE, was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, BAPTISTE, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, BAPTISTE, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff, BAPTISTE, of his rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, BAPTISTE, is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful acts of the Defendants, Plaintiff, BAPTISTE, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, BAPTISTE, respectfully requests that judgment be entered in his favor against the Defendants:

 a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

 b. Awarding Plaintiff overtime compensation in the amount calculated;

 c. Awarding Plaintiff liquidated damages in the amount calculated;

 d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

 e. Awarding Plaintiff post-judgment interest; and

 f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   April 24, 2017.

                                        Respectfully submitted,

                                        BOBER & BOBER, P.A.
                                        Attorneys for Plaintiff
                                        1930 Tyler Street
                                        Hollywood, FL 33020
                                        Phone: (954) 922-2298
                                        Fax: (954) 922-5455
                                        peter@boberlaw.com
                                        samara@boberlaw.com

                                        By:     s/. Peter Bober
                                                      PETER BOBER
                                                      FBN:  0122955
                                                      SAMARA ROBBINS BOBER
                                                      FBN: 0156248